UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADVANCED SLEEP CENTER, INC., et al.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-592** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**<br>    **Defendant** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a Motion for Partial Dismissal of Plaintiffs' Claim for Intentional Infliction of Emotional Distress, filed by defendant Certain Underwriters at Lloyd's ("Underwriters").[1] Plaintiffs, Advanced Sleep Center, Inc. and Neurodiagnostic Center, Inc. ("Plaintiffs"), oppose Underwriters' motion.[2] Underwriters filed a reply in support of its motion.[3] For the reasons that follow, Underwriters' motion is **GRANTED**.

### BACKGROUND

This suit arises out of an insurance claim made by Plaintiffs for damage to their property sustained during Hurricane Isaac. Plaintiffs brought suit against their insurer, Underwriters, for failing to tender sufficient payment under a commercial property insurance policy for Plaintiffs' losses.[4] Plaintiffs' claims include, *inter alia,* breach of contract, bad faith claims adjusting, negligent claims adjusting, and intentional infliction

---

[1] R. Doc. 5.

[2] R. Doc. 6.

[3] R. Doc. 10.

[4] Plaintiffs also claim Underwriters' refused to participate in the appraisal process in violation of the policy's contractual terms, and request the Court appoint an umpire and compel Underwriters to submit to the appraisal process.

of emotional distress (IIED).

Underwriters moves pursuant to Rule 12(b)(6) to dismiss Plaintiffs' claim for IIED. Underwriters argues Plaintiffs, as corporations, are juridical persons and thus incapable of bringing a claim for IIED. Alternatively, Underwriters asserts the allegations in Plaintiffs' complaint are insufficient to state a cause of action for IIED.

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzales v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 128 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A Claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

The Court cannot look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing Plaintiffs' complaint,

the Court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to Smith. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief." *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## ANALYSIS

In order to recover for intentional infliction of emotional distress, a plaintiff must prove, "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).

The Court finds that corporations such as Plaintiffs cannot suffer emotional distress as a matter of law. *See e.g. Walle Corp v. Rockwell Graphics Systems, Inc.*, 1992 WL 245963 at *5 (E.D. La. Sept. 21, 1992). Louisiana federal courts have consistently held that a juridical entity such as a corporation can suffer only economic damage.[5] *Id.* ("As an entity designed to produce profits, the only type of loss a corporation can suffer is economic"). Thus, "a corporation ... cannot suffer non-pecuniary damages in the form of, *inter alia*, negligent or intentional infliction of emotional distress, loss of enjoyment, inconvenience and, in general, mental and emotional damages." *Kelly v. Porter, Inc.*, 687 F. Supp. 2d 632,

---

[5]Under Louisiana law, a corporation is a "juridical person." La. Civ. Code art. 24.

638 (E.D. La. 2010). Underwriters cannot be held liable for intentionally inflicting emotional distress on Plaintiffs.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Underwriters' Motion for Partial Dismissal of Plaintiffs' Claim for Intentional Infliction of Emotional Distress be and hereby is **GRANTED**.

**New Orleans, Louisiana, this** 18th **day of June, 2014.**

                                              **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**