## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADVANCED SLEEP CENTER, INC., ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-592** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON,**<br>    **Defendant** | **SECTION: "E" (3)** |

## <u>ORDER</u>

Before the Court is a Motion to Remand filed by Plaintiffs Advanced Sleep Center, Inc. and Advanced Neurodiagnostic Center, Inc.[1] Defendants Certain Underwriters at Lloyd's, London, ACE Global Markets SYND, Sagicor at Lloyd's, Ascot, Argo International, W.R. Berkley, and Canopius (collectively "Lloyd's") oppose Plaintiffs' motion.[2] For the reasons that follow, Plaintiffs' Motion to Remand is **GRANTED**.

## BACKGROUND

Plaintiffs filed suit in state court against Certain Underwriters at Lloyd's, London on February 18, 2014. Lloyd's filed a notice of removal on March 14, 2014 arguing this Court has subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.[3] At that time, Lloyd's was the only named Defendant. Plaintiffs later amended their complaint on January 13, 2015 to add the insuring Syndicates as named Defendants to this action.[4]

---

[1] R. Doc. 78.
[2] R. Doc. 81.
[3] R. Doc. 1.
[4] R. Doc. 46.

On June 1, 2015, Plaintiffs filed a Motion to Remand this action to state court on the basis that the Court lacks subject-matter jurisdiction to hear this case, which came under submission on June 17, 2015.[5] Plaintiffs argue remand is proper because the amount in controversy is not met as to Lloyd's and the Syndicates individually. Plaintiffs argue that, because the amounts owed on each of their liabilities cannot be aggregated, the Court lacks subject-matter jurisdiction. Defendants oppose the motion to remand arguing the Syndicates are not distinct parties and, even if they were, the amount in controversy for each exceeds $75,000 based on the liability apportioned to each Syndicate.[6] Neither side briefed the complete diversity requirement.

On June 24, 2015, the Court ordered supplemental briefing on both the complete diversity and amount-in-controversy requirements in light of the Court's preliminary research indicating the complete diversity and amount-in-controversy requirements must be met as to each individual member, or Name, underwriting the policies—not each Syndicate. The parties filed their supplemental memoranda, and Plaintiffs' Motion to Remand is now ripe for determination.

## STANDARD OF LAW

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.[7] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[8] To determine whether the Court has jurisdiction for removal, the Court considers the claims in the state court petition as they existed at the time of removal.[9]

---

[5] R. Doc. 78.
[6] R. Doc. 81; R. Doc. 102.
[7] *See* 28 U.S.C. § 1441(a).
[8] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[9] *Id.*

Remand is proper if *at any time* before final judgment it appears the Court lacks subject-matter jurisdiction.[10] "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[11]

In this case, Lloyd's bears the burden of showing subject-matter jurisdiction exists. Lloyd's asserted in its notice of removal that this Court has subject-matter jurisdiction on the basis of diversity jurisdiction. A federal district court has jurisdiction over lawsuits between citizens of different states in which the amount in controversy exceeds $75,000.[12] If either the complete diversity requirement or the jurisdictional minimum requirement is not met, the Court lacks subject-matter jurisdiction to hear the action and remand is proper.

## ANALYSIS

Lloyd's as the removing party bears the burden of establishing both the complete diversity and amount-in-controversy requirements.

<u>Complete Diversity</u>

In its Notice of Removal, Lloyd's asserts there is complete diversity in this case because Plaintiffs are both Louisiana citizens and Lloyd's "is a foreign entity which was formed in London, England, and has its principal place of business in London, England" so it "is not a citizen of the state of Louisiana, and is therefore diverse from Plaintiffs."[13] However, this citizenship analysis is incorrect in light of the unusual nature of the

---

[10] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[11] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[12] 28 U.S.C. § 1332.

[13] R. Doc. 1, pp. 2–3.

Lloyd's operating model,[14] of which counsel for Lloyd's was surely aware at the time of removal.[15] In *Corfield v. Dallas Glen Hills LP*, the Fifth Circuit explained:

> Lloyds of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market. The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's. Thus, a policyholder insures at Lloyd's but not with Lloyd's.
>
> The members or investors who collectively make up Lloyd's are called "Names" and they are the individuals and corporations who finance the insurance market and ultimately insure risks. Names are underwriters of Lloyd's insurance and they invest in a percentage of the policy risk in the hope of making return on their investment. . . . Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. Typically hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint.
>
> Most Names or investors do not actively participate in the insurance market on a day to day basis. Rather, the business of insuring risk at Lloyd's is carried on by groups of Names called "Syndicates." In order to increase the efficiency of underwriting risks, a group of Names will, for a given operating year, form a "Syndicate" which will in turn subscribe to policies on behalf of all Names in the Syndicate. A typical Lloyd's policy has multiple Syndicates which collectively are responsible for 100 percent of the coverage provided by a policy. The Syndicates themselves have been said to have no independent legal identity. Thus, a Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy. A Syndicate bears no liability for the risk on a Lloyd's policy. Rather, all liability is born by the individual Names who belong to the various Syndicates that have subscribed to a policy.[16]

Thus, as a result of this distinct operating model, "when determining the diversity of citizenship of the parties in a case involving Lloyd's of London, all the 'names' must

---

[14] *See Team One Properties, LLC v. Certain Underwriters at Lloyd's, London*, No. 07-4493, 2007 WL 4365392, at *2 (E.D. La. Dec. 10, 2007) *aff'd sub nom. Team One Properties LLC v. Certain Underwriters At Lloyds London*, 281 F. App'x 323 (5th Cir. 2008) (quoting the Fifth Circuit's detailed description of the Lloyd's insurance market as set forth in *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857–59 (5th Cir. 2003)).

[15] Lloyd's "failed" to correctly analyze its own citizenship in the Notice of Removal and, despite the Court's citations to Fifth Circuit cases holding to the contrary, continues to argue the Names are not parties to this lawsuit.

[16] *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857–58 (5th Cir. 2003) (citations omitted).

be taken into consideration."[17] In this case, Plaintiffs sued Certain Underwriters at Lloyd's, London in state court. Although they later named the Syndicates as Defendants, the suit truly is against each Name who is a subscriber to the policy in question. Thus, the Names are the "real" parties to this action, and their citizenship must be distinctly and affirmatively set forth or established by proof.

Because Lloyd's did not allege the citizenship of the Names in its Notice of Removal or brief the complete diversity requirement in its opposition to Plaintiffs' Motion to Remand, the Court allowed Lloyd's to file supplemental briefing addressing this requirement. In response, Lloyd's stated in its memorandum that "a search of the relevant syndicate information and underwriting member information was performed," and "[t]he search revealed that there were no individual members of these Syndicates with home addresses in the State of Louisiana nor were there any corporate members incorporated in the State of Louisiana."[18] As support, Lloyd's attached the declaration of the "Property Claims Manager for ACE Global Markets which is the lead Syndicate on [the Policy] issued to [Plaintiffs]," which declared this proposition.[19]

Even considering this declaration, Lloyd's still fails to convince the Court there is complete diversity in this case. For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state in which its principal place of business is located.[20] Despite being on notice of the Court's concerns regarding jurisdiction, Lloyd's failed to address whether any corporate Name has its principal place of business in Louisiana. Thus, Lloyd's has not proven that the parties are diverse.

---

[17] *Johnson v. Certain Underwriters at Lloyd's London*, No. 09-2495, 2009 WL 3232006, at *3 (E.D. La. Oct. 2, 2009) (collecting cases). *See also Rips, LLC v. Underwriters at Lloyd's London*, No. 14-1969, 2015 WL 2452339, at *3 (E.D. La. May 21, 2015).
[18] R. Doc. 102, p. 2.
[19] R. Doc. 102-2.
[20] 28 U.S.C. § 1332(c)(1).

Amount in Controversy

Even assuming Lloyd's had established complete diversity exists in this case, Lloyd's fails to demonstrate by a preponderance of the evidence that the amount-in-controversy requirement is met. In its supplemental briefing, Lloyd's argues: "While the citizenship of each of the members of the Syndicates is important for the purposes of determining the citizenship of the unincorporated associations; the members should not be considered with regard to the amount-in-controversy because the members are not parties to the lawsuit."[21] Lloyd's contends that "[t]he only parties to this litigation are the Syndicates themselves."[22]

In its order for supplemental briefing, the Court cited numerous cases holding that the amount in controversy must be established as to *each* Name subscribing to the policy because each Name underwriting the policy at issue is a real party in interest to a case against Lloyd's.[23] In its supplemental memorandum, Lloyd's fails to make any argument whatsoever concerning these cases and merely reasserts that "only the entities that are actually parties to the litigation," in this case the Syndicates, "should be

---

[21] R. Doc. 102, p. 4 n.2.

[22] R. Doc. 102, p. 4.

[23] *See, e.g., Rips, LLC v. Underwriters at Lloyd's London*, No. 14-1969, 2015 WL 2452339, at *3 (E.D. La. May 21, 2015) (Berrigan, J.) (stating "the Court finds that [the plaintiff] may not aggregate its claims against individual Names, and therefore must plead that the $75,000 jurisdictional amount is met for each Name. Thus, the Court finds that the [plaintiff] has not alleged that the jurisdictional minimum is satisfied"); *G & M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, No. 07-4883, 2008 WL 215842, at *2 (E.D. La. Jan. 23, 2008) (Barbier, J.) (stating "the Plaintiff has not asserted facts which would indicate that the amount in controversy is met as to all Names sued under the policy"); *Team One Properties, LLC v. Certain Underwriters at Lloyd's, London*, No. 07-4493, 2007 WL 4365392, at *3 (E.D. La. Dec. 10, 2007*)* (Berrigan, J.) *aff'd sub nom. Team One Properties LLC v. Certain Underwriters At Lloyds London*, 281 F. App'x 323 (5th Cir. 2008), at *3 (stating "even if the plaintiff is given the benefit of adding the claimed penalties and fees in an attempt to establish the amount in controversy, it is inconceivable that the jurisdictional minimum could be satisfied against the more than 4,000 Names that have underwritten the policy in question. Therefore, [plaintiff] has not established by a preponderance of the evidence that the jurisdictional minimum was in controversy as required by the Fifth Circuit"); *see also Team One*, 281 F. App'x 323 (5th Cir. 2008) (affirming Judge Berrigan's ruling and stating "[t]he risk of the $70,000 policy was divided among 4,435 underwriters. The district court found that Team One did not demonstrate that the amount in controversy against any completely diverse underwriter was in excess of the jurisdictional $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332. We agree.").

considered" for purposes of determining the amount in controversy.[24] As this Court has already stated, the Names are the real parties to this action now and they were the real parties both when the petition was filed in state court and when Lloyd's removed the action to this Court. Thus, the amount-in-controversy requirement must be met as to each Name. Considering the Court does not even know how many Names are underwriters for the policy at issue, Lloyd's has failed to prove to the Court the jurisdictional amount is established with respect to each Name.

## CONCLUSION

As the removing party, Lloyd's bears the burden of establishing jurisdiction by a preponderance of the evidence, and "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[25] Lloyd's has proven neither that the parties are completely diverse nor that the jurisdictional amount is met. Accordingly, it has not established that jurisdiction existed at the time of removal, and remand is proper. For the above stated reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**.[26]

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**New Orleans, Louisiana, this 7th day of July, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 102, p. 4.

[25] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[26] R. Doc. 78.